UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>Angela Yvonne Boyer,<br><br>Debtor. | Case No. 19-40946-BDL<br><br>CHAPTER 13 PLAN<br><br> X  Original / ____ Amended |
|---|---|

I. **Disclosure of Nonstandard Provision and Plan's Modification of Secured Debt:**
   A. Does this plan contain any nonstandard provisions (check one)?
    X  Yes
   ____ No
   B. Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?
   ____ Yes
    X  No
   C. Does this plan avoid a security interest or lien (check one)?
   ____ Yes
    X  No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void. Even if the Debtor indicated "no"in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

II. **Means Test Result and Plan Duration:**
The Debtor is (check one):
  X   a below median income debtor with a 36 month applicable commitment period.
_____ an above median income debtor with a 60 month applicable commitment period.

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation. If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan.

III. **Plan Payments to the Trustee:**
No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:
    A. AMOUNT: $1,800 x 12; $2,100 x 12; $2,400 x 12: $2,700 x 12; and $3,000 thereafter, plus lump sum from sale or refinance of home as per paragraph X.H below
       B. FREQUENCY (check one):
 X  Monthly
__ Twice per month
__ Every two weeks
__ Weekly
    C. TAX REFUNDS: The Debtor (check one):
__ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.
 X  does not commit all tax refunds to funding the plan.
If no selection is made, tax refunds are committed.
    D. PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
    E. OTHER:_____

[Local Bankruptcy Form 13-4, eff. 12/17]          1

IV.     **Distribution of Plan Payments by the Trustee:**

Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

    A. ADMINISTRATIVE EXPENSES:

        1. <u>Trustee:</u> The percentage set pursuant to 28 U.S.C. § 586(e).

        2. <u>Other administrative expenses:</u> As allowed pursuant to 11 U.S.C. §§ 507(a)(2) or 707(b).

        3. <u>The Debtor's Attorney's Fees:</u> Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $3,500.00. $ _400.00_ was paid prior to filing.

    Approved attorney compensation shall be paid as follows (check one):

    ____Prior to all creditors

    ____Monthly payments of $_____.

    _X_ All remaining funds available after designated monthly payments to the following creditors: Secured claim payments set forth in paragraph IV.C below. Funds to accumulate from first Plan payment.

    ____Other:_____

    If no selection is made, approved compensation will be paid after the monthly payments specified in Sections IV.B and IV.C.

    B. CURRENT DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Monthly Amount |
|---|---|
| NONE | $_____ |

    C. SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee. Unless ranked otherwise, payments to secured creditors will be disbursed at the same level. Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 U.S.C. § 1328. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.

The interest rates in the plan control except that (a) a lower interest rate included in a creditor's proof of claim shall control; and (b) the interest rate included in a creditor's proof of claim for a claim secured by a mortgage or deed of trust on real property shall control, unless otherwise provided in Section X or ordered following an objection to a proof of claim or in an adversary proceeding. If the interest rate is left blank, the interest rate shall be 12% except that the interest rate for arrearages on claims secured by a mortgage or deed of trust on real property shall be 0%.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment amounts in the creditor's proof of claim and notice of payment change control unless otherwise provided in Section X.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

    1. <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence</u> (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral |
|---|---|---|---|
| **1** | **$1,371.00** | **Home Street Bank** | **Residence** |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 2 | $50 * | Home Street Bank | Residence | $89,824 | 0% |

*\* Plus all available funds as set forth in paragraph X.A below.*

    2. <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence:</u>

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral | Interest Rate |
|---|---|---|---|---|
| ____ | $_____ | NONE_____ | _____ | ____% |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| ____ | $_____ | NONE_____ | _____ | $_____ | ____% |

    3. <u>Payments on Claims Secured by Personal Property:</u>

        a. <u>910 Collateral:</u>

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Collateral | Pre-confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
| 3 | $135 | S&M Auto Sales | 2004 BMW X5 | $135 | 6% |

        b. <u>Non-910 Collateral:</u>

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise provided in Section X or ordered following a timely objection to a proof of claim or in an adversary proceeding, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Debtor's Value of Collateral | Collateral | Pre-confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|
| ____ | $_____ | NONE_____ | $_____ | _____ | $_____ | ____% |

    D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

    E. NONPRIORITY UNSECURED CLAIMS: No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim

shall be paid before it is due.  The Trustee shall pay filed and allowed nonpriority unsecured claims as follows  (check one):
____100%
 X   At least  0 %

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|---|---|---|---|---|
| ____ | NONE | $_____ | _____% | _____ |

**V.      Direct Payments to be made by the Debtor and not by the Trustee:**
The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

A. DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| NONE | $_____ | $_____ |

B. OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| NONE | _____ | $_____ | $_____ |

**VI.     Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation.
The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|---|---|
| NONE | |

**VII.    Executory Contracts and Leases:**
The Debtor will assume or reject executory contracts or unexpired leases as specified below.  Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor under Section V, unless otherwise specified in the plan. Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C. §365(d) is rejected.  If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

| Contract/Lease | Assumed or Rejected |
|---|---|
| NONE | |

**VIII.   Property of the Estate:**
Property of the estate is defined in 11 U.S.C. § 1306(a).  Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation. However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property without the Court's prior approval, except that the Debtor may dispose of unencumbered personal property with a value of $10,000 or less without the Court's approval. Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate.  The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds, or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

[Local Bankruptcy Form 13-4, eff. 12/17]                  4

**IX.    Liquidation Analysis Pursuant to 11 U.S.C. § 1325(a)(4):**

The liquidation value of the estate is $1,357. To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of _n/a_% per annum from the petition date (no interest shall be paid if left blank).

**X.     Nonstandard Provisions:**

All nonstandard provisions of this plan are set forth in this section and separately numbered. Any nonstandard provision placed elsewhere in this plan is void. Any modifications or omissions to the form plan not set forth in this section are void.

    A. In addition to equal monthly payments pursuant to ¶IV.C. Home Street Bank (mtge arrears) shall receive all available funds after attorney fees and administrative expenses prior to any payment to priority or unsecured creditors.

    B. Debtor anticipates plan will run approximately _60_ months.

    C. Section IV.C.1. is modified as follows: The mortgage payment set forth in ¶IV.C.1. shall begin with the trustee's regular disbursement for May, 2019 and shall be applied by Home Street Bank as the payment due on June 1, 2019. Mortgage payments due prior to June 1, 2019 shall be added to the pre-petition arrearage and paid as per ¶IV.C.1.

    D. The balance of the filing fee, $210, shall be paid from the plan payments prior to all creditors other than the trustee's administrative fees.

    E. Any claim filed by a mortgage creditor for post-petition fees shall be paid from available funds only after all attorney fees have been paid in full.

    F. Section III.C is modified as follows: Debtors shall pay into the plan each year any tax refund received to the extent the refund exceeds $2,000. Such tax refund payments are in addition to the regular monthly plan payments stated in ¶III.A above.

    G. SectionIV.C.3 is modified as follows: Adequate protection payments to begin not less than 30 days after debtor's petition was filed.

    H. Debtor shall refinance or sell her residence and pay a lump sum to the trustee sufficient to complete all plan obligations no later than plan month 58.

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.


/s/Todd Trierweiler 27845_____          /s/ Angela Yvonne Boyer                    4/10/2019
Attorney for Debtor                     DEBTOR                                     Date


_____
Date

[Local Bankruptcy Form 13-4, eff. 12/17]                5

Case 19-40946-BDL    Doc 14    Filed 04/11/19    Ent. 04/11/19 09:23:10    Pg. 5 of 9

Todd Trierweiler WSB 27845
4721 NE 102nd Avenue
Portland, OR 97220
503-253-7777

CERTIFICATE OF SERVICE BY MAIL

I hereby certify that on <u>April 11, 2019</u>, I mailed a true and correct copy of <u>Chapter 13 Plan</u>, certified as such by me, either electronically or in a sealed envelope, with postage prepaid, deposited in the post office in Portland, Oregon addressed to the following:

Angela Y. Boyer
7433 NE 58th Way
Vancouver  WA  98662

All creditors / see attached matrix

The following parties were served electronically:

**Michael G Malaier, Chapter 13 Trustee**
Tacoma, WA

**US Trustee**
Seattle, WA

DATED:    April 11, 2019

                                                /s/ Todd Trierweiler
                                                for
                                                Todd Trierweiler WSB #27845
                                                ATTORNEY FOR DEBTOR

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0981-3<br>Case 19-40946-BDL<br>Western District of Washington<br>Tacoma<br>Wed Apr 10 11:35:53 PDT 2019 | U.S. Bankruptcy Court<br>1717 Pacific Avenue<br>Suite 2100<br>Tacoma, WA 98402-3233 | Ad Astra Recovery Services<br>7330 W 33rd S. North<br>Suite 104<br>Wichita KS 67205-9370 |
| Adams & Morse<br>POB 972<br>Manchester NH 03105-0972 | Allstate Insurance Company<br>PO Box 55123<br>Boston MA 02205 | Assurant Speciality<br>POB 6046<br>Scottsdale AZ 85261-6046 |
| Becker Bookkeeping<br>15611 NE Glisan St.<br>Portland OR 97230-4867 | (c)BLUE MOUNTAIN HOA<br>17933 NW EVERGREEN PL STE 360<br>BEAVERTON OR  97006-7531 | Capital One<br>POB 60599<br>City Of Industry CA 91716-0599 |
| Centurylink<br>POB 4300<br>Carol Stream IL 60197-4300 | Chrysler Capital<br>POB 961275<br>Fort Worth TX 76161-0275 | Citibank<br>701 E. 60th St. N.<br>Sioux Falls SD 57104-0493 |
| Comcast<br>PO Box 34227<br>Seattle WA 98124-1227 | Credit Collections Services<br>Two Wells Avenue, Dept. 9133<br>Newton Center MA 02459-3225 | Discovery Financial Services<br>9707 N.E. 54th Street #A<br>Vancouver WA 98662-6345 |
| Emanuel Hospital & Med. Ctr.<br>POB 4037<br>Portland OR 97208-4037 | Enhanced Recovery Corp<br>PO Box 57547<br>Jacksonville FL 32241-7547 | Evergreen Professional<br>Recovery<br>12100 NE 195th St., #180<br>Bothell WA 98011-5762 |
| FNB of Omaha<br>POB 3412<br>Omaha NE 68103-0412 | Federal Loan Servicing<br>PO Box 60610<br>Harrisburg PA 17106-0610 | George E. Simmons<br>12555 SE Boise St.<br>Portland OR 97236-3721 |
| Home Street Bank<br>601 Union Street, Suite 2000<br>Seattle WA 98101-2326 | Home Street Bank<br>c/o Mark K. Mason, CEO<br>601 Union Street, Suite 2000<br>Seattle WA 98101-2326 | IRS<br>POB 7346<br>Philadelphia PA 19101-7346 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Kaiser Permanente<br>POB 34614<br>Seattle WA 98124-1614 | Legacy Emanuel Hospital<br>POB 4037<br>Portland OR 97208-4037 |
| Montery County Bank<br>POB 4499<br>Beaverton OR 97076-4499 | NW Acute Care Specialists, PC<br>POB 4979<br>Portland OR 97208-4979 | NW Natural Gas<br>POB 6017<br>Portland OR 97228-6017 |

| | | |
|---|---|---|
| Navient<br>US Department of Education<br>POB 9500<br>Wilkes-Barr PA 18773-9500 | ODR-Bankruptcy<br>c/o Bankruptcy Unit<br>955 Center Street NE, Rm. 353<br>Salem OR 97301-2555 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Professional Credit Services<br>POB 7548<br>Eugene OR 97401 | Progressive Leasing, LLC<br>10619 S. Jordan Gateway, #100<br>South Jordan UT 84095-3974 | Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Radiology Consultants<br>POB 3409<br>Portland OR 97208-3409 | Rapid Cash<br>Bankruptcy Department<br>3611 N. Ridge Rd.<br>Wichita KS 67205-1214 | Reliable Credit Assn., Inc.<br>POB 22829<br>Portland OR 97269-2829 |
| S&M Auto Sales<br>5401 NE 82nd Ave.<br>Portland OR 97220-4632 | S&M Auto Sales<br>c/o Michelle Graham, RA<br>Portland OR 97220 | SLM Financial Corp.<br>11100 USA Pkwy.<br>Fishers IN 46037-9203 |
| (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | Stellar Recovery<br>1327 Hwy. 2 West, #100<br>Kalispell MT 59901-3413 | Target National Bank<br>POB 673<br>Minneapolis MN 55440-0673 |
| United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101-4438 | Waste Connections<br>Vancouver District<br>12115 NE 99th St., Suite 1830<br>Vancouver WA 98682-2329 | Webbank<br>2015 S. State St., #800<br>Salt Lake City UT 84111 |
| Angela Yvonne Boyer<br>7433 NE 58th Way<br>Vancouver, WA 98662-5490 | Michael G. Malaier<br>2122 Commerce Street<br>Tacoma, WA 98402-3002 | Todd Trierweiler<br>Todd Trierweiler & Associates<br>4721 NE 102nd Ave<br>Portland, OR 97220-3339 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IRS<br>Special Procedures<br>915 2nd Ave. M\S 244<br>Seattle WA 98174 | Portfolio Recovery Assoc.<br>POB 12914<br>Norfolk VA 23541 | Sprint<br>Attn:Bankruptcy Department<br>PO Box 7949<br>Overland Park KS 66207-0949 |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Blue Mountain HOA
17933 NW Evergreen Pkwy., #360
Beaverton OR 97006

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Unitrim Insurance                    End of Label Matrix
                                        Mailable recipients    50
                                        Bypassed recipients     1
                                        Total                  51